Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7680 | **DATE** | October 9, 2012 |
| **CASE TITLE** | United States ex rel. Tony Fountain (#B-09357) vs. Michael Atchison, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [#3] is granted. Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied as premature. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a Respondent.

■ **[For further details see text below.]**                                   Docketing to mail notices.

## STATEMENT

Tony Fountain, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for first degree murder on the grounds that: (1) police illegally pulled over and searched his car, lacking either a warrant or justification for the stop; (2) Petitioner was wrongfully held in an interrogation room, chained to a wall for five days without being charged; (3) a witness or co-defendant gave testimony against Petitioner after being held under similarly coercive conditions; (4) Petitioner's defense counsel was ineffective in that he failed to investigate a potential alibi; and (5) Petitioner was not given the opportunity to cross-examine one of the witnesses against him.

Petitioner having shown that he is indigent, his motion to proceed *in forma pauperis* is granted.

Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond is without prejudice to any waiver, exhaustion or timeliness arguments Respondent may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any
**(CONTINUED)**

mjm

**STATEMENT (continued)**

court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if Petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper respondent.